

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division



| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:21-CR-60 |
| v. | Count 1: 18 U.S.C. § 1349<br>(Conspiracy to Commit Bank Fraud) |
| AARON KYLE JOHNSON,<br>(Counts 1, 2, 3, and 4), | Count 2: 18 U.S.C. § 371<br>(Conspiracy to Commit Mail Theft) |
| KESHAWNA HOWARD,<br>(Counts 1, 2, and 4), | Count 3: 18 U.S.C. § 1704<br>(Unlawful Possession of United States Postal<br>Service Key) |
| JOSE REYES,<br>(Counts 1, 2, and 3), | |
| and | Count 4: 18 U.S.C. § 1028(f)<br>(Conspiracy to Commit Aggravated Identity<br>Theft) |
| MILES N. WARD,<br>a/k/a "Rylo,"<br>"Trippy,"<br>(Counts 1, 2, and 3), | Forfeiture Notice |
| Defendants. | |

**Indictment**

April 2021 Term – at Alexandria, Virginia

THE GRAND JURY CHARGES THAT:

Introductory Allegations

At all times relevant to this Indictment, unless otherwise stated:

1.     PNC Bank was a banking institution, the deposits of which were insured by the

FDIC.  As such, PNC Bank was a financial institution within the meaning of 18 U.S.C. § 20.

2.      Wells Fargo Bank ("Wells Fargo") was a banking institution, the deposits of which were insured by the FDIC.  As such, Wells Fargo was a financial institution within the meaning of 18 U.SC. § 20.

3.      Bank of America was a banking institution, the deposits of which were insured by the FDIC.  As such, Bank of America was a financial institution within the meaning of 18 U.S.C. § 20.

4.      Capital One Bank was a banking institution, the deposits of which were insured by the FDIC.  As such, Capital One Bank was a financial institution within the meaning of 18 U.S.C. § 20.

5.      M&T Bank was a banking institution, the deposits of which were insured by the FDIC.  As such, M&T Bank was a financial institution within the meaning of 18 U.S.C. § 20.

6.      The North Arlington Post Office, located at 2200 North George Mason Drive, Arlington County, Virginia, 22207, in the Eastern District of Virginia, and the blue collection boxes located within the vicinity of the North Arlington Post Office, were property designated by the United States Postal Service (USPS) serving as authorized depositories and collection points for postal service matters within the meaning of 39 U.S.C. § 102.

7.      The Buckingham Post Office, located at 235 North Glebe Road, Arlington County, Virginia, 22203, in the Eastern District of Virginia, and blue collection boxes located within the vicinity of the Buckingham Post Office, were property designated by the USPS serving as authorized depositories and collection points for postal service matters within the meaning of 39 U.S.C. § 102.

8.      "Arrow keys" are distributed through authorized USPS channels to USPS personnel (e.g. mail carriers), as defined within the meaning of 39 U.S.C. § 1001, to access collection boxes,

2

outdoor parcel lockers, cluster box units, and apartment panels for official duties as generally defined within the meaning of 39 U.S.C. § 403. Series #248 "arrow keys" are the only series of "arrow keys" capable of opening blue USPS collection boxes in or around Arlington County, Virginia. Possession of an "arrow key" by an unauthorized individual for purposes of opening blue USPS collection boxes is unlawful, as defined in 18 U.S.C. § 1704.

## COUNT ONE
### (Conspiracy to Commit Bank Fraud)

THE GRAND JURY FURTHER CHARGES THAT:

9.      The allegations contained in paragraphs 1 through 8 of this Indictment are realleged as if fully set forth herein.

### The Conspiracy and Its Purpose

10.      Starting on a date unknown to the Grand Jury, but not later than in and around early 2020, through in and around March 2021, in the Eastern District of Virginia and elsewhere, the defendants, AARON KYLE JOHNSON, KESHAWNA HOWARD, JOSE REYES, and MILES N. WARD, a/k/a "Rylo" and "Trippy," did knowingly and intentionally conspire with each other to commit bank fraud, in violation of Title 18, United States Code, Section 1344; that is, the defendants knowingly and intentionally combined, conspired, confederated, and agreed with each other to execute a scheme and artifice to defraud one or more financial institutions, including PNC Bank, Wells Fargo, Bank of America, and Capital One Bank, to obtain moneys, funds, credit, and other property under the custody and control of those financial institutions by means of materially false and fraudulent pretenses, representations, and promises.

### The Manners and Means

11.      JOHNSON, HOWARD, REYES, and WARD employed various manners and means in furtherance of the conspiracy and scheme and artifice to defraud, including the following:

12.     Starting on a date unknown to the Grand Jury, but not later than in and around late 2019, JOHNSON, REYES, and WARD possessed, without authorization, at least one USPS "arrow key," series #248, which is the only series of "arrow keys" capable of opening blue USPS collection boxes in and around Arlington County, Virginia.

13.     JOHNSON, HOWARD, REYES, and WARD obtained personal identifying information, including financial information of real people, including personal and business checks linked to federally insured financial institutions, by stealing mail from USPS collection boxes located in and around Arlington County, Virginia, within the Eastern District of Virginia.

14.     WARD, JOHNSON, REYES, HOWARD, and others possessed altered personal and business checks linked to federally insured financial institutions that had been stolen from USPS collection boxes in and around Arlington County, Virginia.   Such alterations of these personal and business checks were made without the authorization, knowledge, or consent of the payers and payees.  The alterations included changing the payee information without authorization.

15.     WARD, REYES, JOHNSON, and others deposited the altered personal and business checks at federally insured financial institutions in and around Maryland without the authorization of the original payer.

16.     WARD, JOHNSON, and REYES coordinated with each other to steal the mail from USPS collection boxes located in and around Arlington County, Virginia, and to ensure that the series 248 "arrow key" remained within their control.

17.     HOWARD and JOHNSON stored altered and unaltered personal and business checks that were stolen from USPS collection boxes located in and around Arlington County, Virginia.

18.     HOWARD and JOHNSON maintained a written record of personal identifying information (PII) of real people gleaned, in part, from stolen mail.

### Overt Acts

19.     JOHNSON, HOWARD, REYES, and WARD committed overt acts in furtherance of the conspiracy in the Eastern District of Virginia and elsewhere, including:

### Acts Involving Victim C.R. and Wells Fargo Bank

20.     In and around December 2019, I.M. provided a Wells Fargo debit card and pin number to V.R., who in turn provided the debt card and pin number to WARD.

21.     In and around December 2019, C.R. entered the North Arlington Post Office and handed a postal employee several letters addressed to various businesses containing checks intended to pay bills.  One of the checks, check number 8073, was made payable to Citibank in the amount of about $6,436.40.  After C.R. mailed the letters, an unknown individual stole check number 8073 from the mail where it was altered by an unknown individual and came into the WARD's possession.  WARD then used a Wells Fargo ATM machine to deposit check number 8073 into a Wells Fargo bank account owned by I.M.  WARD used I.M.'s debit card and pin number to make the deposit, knowing that check number 8073 was fraudulent.  Check number 8073, which had been deposited by WARD, had been altered such that it was made payable to I.M. in the amount of $6,434.40, and was no longer payable to Citibank.

### Acts Involving Victim K.C. and Capital One Bank

22.     In and around December 2019, V.R. provided WARD with a Capital One debit card and pin number.

23.     In and around December 2019, K.C. placed a letter addressed to a business into a blue USPS collection box located in the vicinity of the Buckingham Post Office on North Glebe

Road near the intersection of North Pershing Drive, Arlington County, Virginia 22203. The letter

contained a check, check number 7103, made payable to a business for $33.69. After K.C. mailed

the letter, an unknown individual stole check number 7103 from the mail where it was altered by

an unknown individual and came into the WARD's possession. On or about December 18, 2019,

WARD used a Capital One ATM to deposit check number 7103 into a Capital One bank account

owned by V.R. WARD knew that check number 7103 was fraudulent. The check had been altered

such that was made payable to V.R. in the amount of $4,900, and was no longer payable to the

business.

24.     In and around December 2019, when the funds for check number 7103 became

available in V.R.'s Capital One bank account, WARD drove V.R. to a Capital One bank branch in

Maryland. At WARD's direction, V.R. withdrew $4,900 from his bank account and gave funds

to WARD. V.R. received approximately $1,300 from WARD as compensation for V.R.'s

involvement in the transaction.

<u>Acts Involving Victim B.L. and Bank of America</u>

25.     In and around December 2019, B.L. placed a letter addressed to Capital One bank

into a blue USPS collection box in the vicinity of the North Arlington Post Office. The letter

contained a check, number 112, from B.L.'s Bank of America Home Equity Line of Credit made

payable to Capital One in the amount of $7,962.56. After B.L mailed the letter, an unknown

individual stole check number 112 from the mail where it was altered by an unknown individual

and came into an unknown individual's possession. On or about December 31, 2019, an unknown

individual deposited B.L.'s check into A.D.'s Bank of America account using A.D.'s debit card

and pin number. Check number 112 had been altered such that it was now payable to A.D. in the

amount of $7,962.56.

6

26.     On or about January 3, 2020, WARD used A.D.'s ATM card to access A.D.'s Bank of America account to withdraw funds that WARD knew were the proceeds of the fraudulent check.  WARD made two cash withdrawals of $700 and $800.

<u>Acts Involving Victim P.B. and Wells Fargo Bank</u>

27.     In and around December 2019, P.B., an owner of a business based in Arlington County, Virginia, placed a letter addressed to another business into a blue USPS collection box in the vicinity of the North Arlington Post Office.  The letter contained a check, check number 3290, which was made payable to the second business in the amount of about $7,500.  After P.B. mailed the letter, an unknown individual stole check number 3290 from the mail, where it came into WARD's possession.  Shortly thereafter, WARD used a Wells Fargo ATM machine to deposit check number 3290 into a Wells Fargo bank account owned by B.C.  WARD used B.C.'s debit card and pin number to make the deposit.  Check number 3290 that had been deposited by WARD, and which WARD knew was fraudulent, had been endorsed by B.C.

<u>Acts Involving Victim G.S. and Wells Fargo Bank</u>

28.     In and around December 2019, G.S. placed at least one letter addressed to an investment brokerage firm into a blue USPS collection box in the vicinity of the North Arlington Post Office.  The letter contained two checks.  The first check, number 100, was made payable to the investment brokerage firm in the amount of about $6,000.  The second check, number 2002, was made payable to the investment brokerage firm in the amount of about $25,000.  After G.S. mailed the letters, an unknown individual stole check numbers 100 and 2002 from the mail. The checks were then altered by an unknown individual and came into the possession of WARD's associate.  On or about December 26, 2019,  WARD's associate used a Wells Fargo ATM to deposit check number 100 using X.A.'s debit card and pin number.  Check number 100 had been

altered such that it was made payable to X.A. in the amount of $6,000.  WARD and his associate both knew the check was fraudulent.  In and around the same timeframe that WARD's associate deposited altered check number 100, WARD communicated by telephone with X.A.

29.     Within minutes of depositing check number 100, WARD's associate used a Wells Fargo ATM to deposit check number 2002 using A.H.'s debit card and pin number.  Check number 2002 had been altered such that it was now payable to A.H. in the amount of $9,000.  WARD knew the check was fraudulent.  In and around the same timeframe that the altered check number 2002 was deposited, WARD communicated by telephone with A.H. on multiple occasions.

### Acts Involving Victim T.O. and M&T Bank

30.     In and around January 2020, T.O., the owner of an Arlington County, Virginia-based business, mailed a letter containing check number 2500 at or near the North Arlington Post Office.  On or about January 16, 2020, HOWARD and JOHNSON traveled onto a M&T bank property where JOHNSON, possessing an identification card with the name "John Martian," attempted to cash check number 2500 in the amount of $21,000.  Check number 2500 was altered such that it was made payable to "John Martian."

31.     On or about that same day, HOWARD and JOHNSON possessed two additional business checks stolen from Maryland-based businesses.  One of the checks was altered such that it was made payable to HOWARD.

### Acts Involving Victims M.K., E.C., and PNC Bank

32.     In and around February 2020, M.K., the manager of an Arlington County, Virginia-based business, placed a letter addressed to a second business into a blue USPS collection box in the vicinity of the Buckingham Post Office.  The letter contained a check, check number 1525, which was intended as payment to the second company for rent in the amount of $5,200.  After

8

M.K. mailed the letter, an unknown individual stole check number 1525 from the mail where it was altered by an unknown individual and came into JOHNSON's possession. On or about February 12, 2020, JOHNSON used a PNC Bank ATM to deposit check number 1525 into a PNC Bank account. Check number 1525 had been altered such that it was now payable to JOHNSON. JOHNSON knew that check number 1525 was fraudulent. The altered, deposited check was endorsed by JOHNSON with the initials "A.J."

33.    In and around February 2020, E.C., the owner of an Arlington County, Virginia-based business, placed a letter addressed to a utility company into a blue USPS collection box in the Arlington County, Virginia area. The letter contained a check, check number 1812, which was intended as payment for an electric bill for property in New Jersey in the amount of $55.14. After E.C. mailed the letter, an unknown individual stole check number 1812 from the mail. It was then altered by an unknown individual came into JOHNSON's possession. On or about February 19, 2020, JOHNSON used a PNC Bank ATM to deposit check number 1812 into a PNC Bank account, knowing that the check was fraudulent. Check number 1812 had been altered such that it was made payable in the amount of $4,300. The altered check deposited by JOHNSON was endorsed with the initials "A.J."

Acts Involving Victim A.G. and Capital One Bank

34.    In and around March 2020, A.G., the owner of a Springfield, Virginia-based business, placed a letter into a blue USPS collection box in the vicinity of the North Arlington Post Office. The letter contained a check, check number 9910. After A.G. mailed the letter, an unknown individual stole check number 9910 from the mail. It was then altered by an unknown individual and came into REYES's possession. Shortly thereafter, REYES, knowing that the check was fraudulent, used a Capital One ATM to deposit check number 9910 into a Capital One

bank account owned by C.B., REYES's associate. Check number 9910 was altered and made payable to C.B. in the amount of $3,825.

Additional Overt Acts

35.     On or about March 4, 2021, JOHNSON and HOWARD were in possession of approximately 150 personal checks and approximately 50 business checks drafted by individuals and businesses located in and around Arlington County, Virginia, many of which were stolen from the mail.  None of the checks were made payable to any person or entity legitimately associated with JOHNSON or HOWARD.  Some of the checks were in the process of being altered.

(All in violation of Title 18, United States Code, Section 1349.)

## COUNT TWO
### (Conspiracy to Commit Mail Theft)

THE GRAND JURY FURTHER CHARGES THAT:

36.     The allegations contained in paragraphs 1 through 8 of this Indictment are realleged as if fully set forth herein.

### The Conspiracy and Its Purpose

37.     Starting on a date unknown to the Grand Jury, but not later than in and around late 2019, through in and around March 2021, in the Eastern District of Virginia and elsewhere, the defendants, AARON KYLE JOHNSON, KESHAWNA HOWARD, JOSE REYES, and MILES N. WARD, a/k/a "Rylo" and "Trippy," did knowingly and intentionally combine, conspire, confederate, and agree with each other to commit mail theft, in violation of Title 18, United States Code, Section 1708.

### The Manners and Means

38.     JOHNSON, HOWARD, REYES, and WARD employed various manners and means in furtherance of the conspiracy and scheme and artifice to steal mail, including the following:

39.     Starting on a date unknown to the Grand Jury, but not later than in and around late 2019, JOHNSON, WARD, and REYES possessed, without authorization, at least one USPS "arrow key," series #248, which is the only series of "arrow keys" capable of opening blue USPS collection boxes in and around Arlington County, Virginia.

40.     JOHNSON, HOWARD, REYES, and WARD stole mailed letters containing personal and business checks from USPS collection boxes located in and around Arlington County, Virginia, within the Eastern District of Virginia.

41.     WARD, JOHNSON, and REYES, among others, possessed personal and business checks that had been removed from letters that were stolen from USPS collection boxes located in and around Arlington County, Virginia, and deposited the removed checks at federally-insured financial institutions in and around Maryland.

42.     WARD, JOHNSON, and REYES coordinated with each other to steal the mail from USPS collection boxes located in and around Arlington County, Virginia, and to ensure that the series 248 "arrow key" remained within their control.

43.     HOWARD and JOHNSON concealed and possessed numerous checks that were removed from letters stolen from USPS collection boxes located in and around Arlington County, Virginia.

Overt Acts

44.     JOHNSON, HOWARD, REYES, and WARD committed overt acts in furtherance of the conspiracy in the Eastern District of Virginia and elsewhere, including the following:

45.     In and around December 2019, C.R. entered the North Arlington Post Office and handed a postal employee several letters addressed to various businesses containing checks intended to pay bills. One of the checks, check number 8073, was made payable to Citibank. After C.R. mailed the letters, an unknown individual stole check number 8073 from the mail. Shortly thereafter, WARD was in possession of check number 8073 at a Wells Fargo ATM, where WARD deposited the check.

46.     In and around December 2019, K.C. placed a letter addressed to a business into a blue USPS collection box located in the vicinity of the Buckingham Post Office on North Glebe Road near the intersection of North Pershing Drive, Arlington County, Virginia 22203. The letter contained a check, check number 7103, made payable to a business. After K.C. mailed the letter,

an unknown individual stole check number 7103 from the mail. On or about December 18, 2019, WARD was in possession of check number 7103 at a Capital One ATM, where WARD deposited the check.

47.     In and around December 2019, P.B., an owner of a business based in Arlington County, Virginia, placed a letter addressed to a second business into a blue USPS collection box in the vicinity of the North Arlington Post Office. The letter contained a check, listed as check number 3290, which was made payable to the second business. After P.B. mailed the letter, an unknown individual stole check number 3290 from the mail. Shortly thereafter, WARD was in possession of check number 3290 at a Wells Fargo ATM, where WARD deposited the check.

48.     In and around February 2020, M.K, the manager of an Arlington County, Virginia-based business, placed a letter addressed to a second business into a blue USPS collection box in the vicinity of the Buckingham Post Office. The letter contained a check, check number 1525, which was intended as payment to the second company for rent. After M.K. mailed the letter, an unknown individual stole check number 1525 from the mail. On or about February 12, 2020, JOHNSON was in possession of check number 1525 at a PNC Bank ATM, where JOHNSON deposited the check.

49.     In and around February 2020, E.C., the owner of an Arlington County, Virginia-based business, placed a letter addressed to a utility company into a blue USPS collection box in the Arlington County, Virginia area. The letter contained a check, check number 1812, which was intended as payment for an electric bill for property in New Jersey. After E.C. mailed the letter, an unknown individual stole check number 1812 from the mail. On or about February 19, 2020, JOHNSON was in possession of check number 1812 at a PNC Bank ATM, where JOHNSON deposited the check.

50.     On or about February 4, 2020, WARD used an "arrow key," without authorization, to open a blue USPS collection box located in the vicinity of the North Arlington Post Office and empty the contents of the plastic postal bin into a vehicle. WARD then returned the plastic postal bin to the collection box and drove away with the mail.

51.     On or about February 18, 2020, WARD used a series 248 "arrow key," without authorization, to open a blue USPS collection box located in the vicinity of the North Arlington Post Office. WARD proceeded to remove the plastic mail bin. Shortly thereafter, WARD attempted to use the series 248 "arrow key," without authorization, to open an adjacent blue USPS collection box, but the "arrow key" became stuck in the lock. WARD made repeated attempts to retrieve the "arrow key" but was unable to dislodge the "arrow key" from the lock. WARD then departed from the area.

52.     That same day, WARD called JOHNSON on the telephone, and shared a photograph of a series 248 "arrow key" lodged in the lock of the blue USPS collection box. Also on that same day, JOHNSON engaged in a text message conversation with REYES. During the conversation, JOHNSON shared with REYES the same photograph of the blue USPS collection box with a series 248 "arrow key" in the lock. JOHNSON and REYES also discussed how to remove keys that had been lodged in the locks of blue collection boxes.

53.     Less than two hours after WARD departed the area with the "arrow key" still lodged in the blue USPS collection box lock, two people wearing hooded sweatshirts, one of whom was JOHNSON, approached the collection box and retrieved the "arrow key" before departing the area.

54.     On or about March 3, 2020, REYES used an "arrow key" without authorization, to open a blue USPS collection box located in the vicinity of the North Arlington Post Office and empty the contents of the plastic postal bin.

55.     On or about May 25, 2020, JOHNSON used an "arrow key" without authorization, to open blue USPS collection boxes located in the vicinity of the North Arlington Post Office and empty the contents of the plastic postal bins into a vehicle. JOHNSON took the stolen mail to an apartment in Maryland that was associated with HOWARD and JOHNSON.

56.     On or about November 2, 2020, JOHNSON used an "arrow key" without authorization, to open blue USPS collection boxes located in the vicinity of the North Arlington Post Office and empty the contents of the plastic postal bins into a vehicle.

57.     On or about March 4, 2021, JOHNSON and HOWARD were in possession of approximately 150 personal checks and approximately 50 business checks drafted by individuals and businesses located in and around Arlington County, Virginia, many of which were stolen from the mail.  None of the checks were made payable to any person or entity legitimately associated with JOHNSON or HOWARD.

(All in violation of Title 18, United States Code, Section 371.)

## COUNT THREE
### (Unlawful Possession of United States Postal Service Key)

THE GRAND JURY FURTHER CHARGES THAT:

58.     Starting on a date unknown to the Grand Jury, but not later than in and around late 2019, in Arlington County, Virginia, in the Eastern District of Virginia, the defendants, AARON JOHNSON, JOSE REYES, and MILES N. WARD, a/k/a "Rylo" and "Trippy," knowingly and unlawfully possessed a key suited to a lock adopted by the United States Postal Service and in use on an authorized receptacle for the deposit or delivery of mail matter, with the intent to unlawfully and improperly use the key.

(In violation of Title 18, United States Code, Section 1704.)

## COUNT FOUR
### (Conspiracy to Commit Aggravated Identity Theft)

THE GRAND JURY FURTHER CHARGES THAT:

59.     The allegations contained in paragraphs 1 through 8 of this Indictment are realleged as if fully set forth herein.

### The Conspiracy and Its Purpose

60.     Starting on a date unknown to the Grand Jury, but not later than in and around early 2020, through in and around March 2021, in the Eastern District of Virginia and elsewhere, the defendants, AARON KYLE JOHNSON and KESHAWNA HOWARD, did knowingly and intentionally conspire with each other to commit aggravated identity theft, in violation of Title 18, United States Code, Section 1028(f); that is, the defendants knowingly and intentionally combined, conspired, confederated, and agreed with each other to obtain personal identifying information belonging to an individual or individuals that was culled from mail placed—and subsequently stolen from—blue USPS collection box in the vicinity of the North Arlington Post Office.

### The Manners and Means

61.     JOHNSON and HOWARD employed various manners and means in furtherance of the conspiracy and scheme and artifice to defraud, including the following:

62.     Starting on a date unknown to the Grand Jury, but not later than in and around late 2019, JOHNSON possessed, without authorization, at least one USPS "arrow key," series #248, which is the only series of "arrow keys" capable of opening blue USPS collection boxes in and around Arlington County, Virginia.

63.     JOHNSON and HOWARD obtained personal identifying information (PII), including financial information of real people, including from personal and business checks linked

to federally insured financial institutions, by stealing mail from USPS collection boxes located in and around Arlington County, Virginia, within the Eastern District of Virginia.

64.   JOHNSON and HOWARD stored altered and unaltered personal and business checks that were stolen from USPS collection boxes located in and around Arlington County, Virginia.

65.   JOHNSON and HOWARD maintained a written record of PII of real people gleaned, in part, from stolen mail.

Overt Acts

66.   JOHNSON and HOWARD committed overt acts in furtherance of the conspiracy in the Eastern District of Virginia and elsewhere, including the following:

67.   On or about January 7, 2020, S.K. placed mail into a blue USPS collection box in the vicinity of the North Arlington Post Office. S.K.'s mail included checks intended to be used for tax payments, along with PII. The checks were stolen from the mail, altered, and cashed by someone other than the intended payee.

68.   In and around January 2020, T.O., the owner of an Arlington County, Virginia-based business, mailed a letter containing check number 2500 at or near the North Arlington Post Office. On or about January 16, 2020, JOHNSON and HOWARD traveled onto a M&T bank property where JOHNSON, possessing an identification card with the name "John Martian," attempted to cash check number 2500 in the amount of $21,000. Check number 2500 was altered such that it was made payable to "John Martian."

69.   In and around that same day, the vehicle that JOHNSON and HOWARD were traveling in contained two additional business checks stolen from Maryland-based businesses. One of the checks was altered such that it was made payable to HOWARD. In addition,

18

HOWARD was in possession of a fraudulent Virginia identification card in the name of S.K. The fraudulent identification card also contained PII belonging to S.K.

70.    On or about March 4, 2021, JOHNSON and HOWARD were in possession of approximately 150 personal checks and approximately 50 business checks drafted by individuals and businesses located in and around Arlington County, Virginia, many of which were stolen from the mail. None of the checks were made payable to any person or entity legitimately associated with JOHNSON and HOWARD. Some of the checks were in the process of being altered.

(In violation of Title 18, United States Code, Section 1028(f).)

Forfeiture Notice

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE FOR FORFEITURE AS DESCRIBED BELOW:

Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, the defendants, AARON KYLE JOHNSON, KESHAWNA HOWARD, JOSE REYES, and MILES N. WARD, are hereby notified that, if convicted of the conspiracy alleged in Count 1 of this Indictment, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violation.

Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, the defendants, AARON KYLE JOHNSON, KESHAWNA HOWARD, JOSE REYES, and MILES N. WARD, are hereby notified that, if convicted of the conspiracy alleged in Count 2 of this Indictment, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

Pursuant to 21 U.S.C. § 853(p),  AARON KYLE JOHNSON, KESHAWNA HOWARD, JOSE REYES, and MILES N. WARD,  shall forfeit substitute property, if, by any act or omission of  AARON KYLE JOHNSON, KESHAWNA HOWARD, JOSE REYES, and MILES N. WARD, the property referenced above cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(In accordance with Title 18, United States Code, Section 982(a)(2)(A), 18 U.S.C. §
981(a)(1)(C), 28 U.S.C § 2461(c), and Rule 32.2(a) of the  Federal Rules of Criminal
Procedure.)

A TRUE BILL

*Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office.*

_____
FOREPERSON

Raj Parekh
Acting United States Attorney

By: _____
Michael J. Lebowitz
Special Assistant United States Attorney
Marc J. Birnbaum
Assistant United States Attorney

21